UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80843-CIV-REINHART

MIDLEVELU, INC.,

        Plaintiff,

v.

ACI INFORMATION GROUP
a/k/a NEWSTEX LLC,

        Defendant.
_____/

### ORDER ON DEFENDANT NEWSTEX, LLC'S MOTION FOR SUMMARY JUDGMENT [DE 44]

Before the Court for decision is Defendant's Motion for Summary Judgment ("Motion"). The Court has reviewed the Motion (DE 44), the Defendant's Statement of Undisputed Facts ("DSOF") (DE 43), the exhibits in support of the Motion, the Response to the Motion (DE 48), its exhibits, the Plaintiff's Statement of Undisputed Facts ("PSOF") (DE 47), and the Defendant's Reply (DE 61) and its exhibits. This matter is now ripe for decision. For the reasons discussed below, the Motion is DENIED.

### UNDISPUTED FACTS

Plaintiff MidlevelU, Inc. ("MidlevelU") was formed in 2012 as a resource for nurse practitioners and physician assistants. DSOF ¶ 7. MidlevelU's website includes a blog and RSS feed.[1] *Id.* at ¶¶ 8-9. Posted on the blog are articles written by Erin Tolbert, Amanda Richards, and Leigh Ann O'Neill. *Id.* at ¶¶ 26, 41. MidlevelU puts links to the

---

[1] RSS stands for "Really Simple Syndication." DSOF at ¶ 10.

1

articles on social media and networking sites. *Id.* at ¶ 9. MidlevelU also makes the full text of its articles available through its RSS feed. *Id*. MidlevelU does not charge readers a fee to view the articles on its blog or RSS feed. *Id.*

Defendant Newstex, LLC ("Newstex") is "a leading wholesale aggregator of news publications that provides private and retail distributors with content from media companies, press wires, corporate websites, investigative journalism organizations, non-profits, and online newspapers/magazines." *Id.* at ¶ 1. Newstex subscribed to MidlevelU's RSS feed from 2015 to 2017. *Id.* at ¶¶ 50-51. Newstex, under the trade name ACI Information Group, used content that it received from MidlevelU's RSS feed on its Scholarly Blog Index ("SBI"). *Id.* at ¶ 51. Prior to being terminated in 2018 for lack of profitability, the SBI was "a subscription service consisting of an index of curated blog abstracts and licensed full-text blogs written by scholars in their filed." *Id*. at ¶ 4. On March 7, 2017, counsel for MidlevelU contacted Newstex and demanded that Newstex remove MidlevelU content from the SBI. *Id.* at ¶ 15.

## PROCEDURAL HISTORY

On June 27, 2018, MidlevelU commenced this action against Newstex for copyright infringement. DE 1. MidlevelU's Complaint alleges that Newstex copied 50 of its registered articles and posted them to its subscriber-only website in order to earn a profit. *Id.* The Complaint further alleges that Newstex appropriated the articles without MidlevelU's permission. *Id*. Newstex responded to the Complaint by raising eleven affirmative defenses and a counterclaim for declaratory judgment. DE 8. Newstex now moves for summary judgment on MidlevelU's infringement claim and its implied license affirmative defense. DE 44. Specifically, Newstex argues that it is entitled to summary

judgment on the following grounds: (1) MidlevelU's claims are barred by the doctrine of implied license; (2) Newstex's use of "i-Frames" on the SBI to display MidlevelU's website does not constitute infringement; (3) eighteen of MidlevelU's articles are ineligible for statutory damages; (4) MidlevelU lacks standing and damages for three articles it did not own at the time of filing suit; and (5) MidlevelU lacks standing and damages for one article it has never owned.  *Id.*

## LEGAL STANDARD

The legal standard for summary judgment is well-settled:

> A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citation to the record, including *inter alia,* depositions, documents, affidavits, or declarations. Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." A fact is material if it "might affect the outcome of the suit under the governing law." The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in its favor.
>
> . . .
>
> The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. Once this burden is satisfied, "the nonmoving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in his favor.

*Rubenstein v. Fla. Bar,* 72 F. Supp. 3d 1298, 1307–08 (S.D. Fla. 2014) (J. Bloom) (citations omitted).

## DISCUSSION

To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."

3

*Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008) (citing *Feist Publ'ns, Inc. v. Rural Television Serv. Co.*, 499 U.S. 340, 361 (1991)). With respect to the first element, a certificate of registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). "Once a plaintiff produces a valid registration, the burden shifts to the defendant to establish that the work in which the copyright claimed is unprotectable." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010).

### *Implied License*

In moving for summary judgment, Newstex first argues that MidlevelU's copyright infringement claim fails as a matter of law based on the implied license defense. In the Eleventh Circuit, "[a]n implied license is created when one party (1) creates a work at another person's request; (2) delivers the work to that person; and (3) intends that the person copy and distribute the work." *Latimer*, 601 F.3d at 1235 (citing *Jacob Maxwell, Inc. v. Veeck*, 110 F.3d 749, 752 (11th Cir. 1997)); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 956 (11th Cir. 2009) ("An implied nonexclusive license is created when one party creates a work at another party's request and hands it over, intending the other party copy and distribute it."). "Because an implied license is an affirmative defense to a claim of copyright infringement, the alleged infringers have the burden of establishing an implied license." *Latimer*, 601 F.3d at 1235. "In determining whether an implied license exists, a court should look at objective factors evincing the party's intent, including deposition testimony and whether the copyrighted material was delivered without warning that its further use would constitute copyright infringement." *Wilchombe*, 555 F.3d at 956. "Implied licenses may be limited and a defendant who exceeds the scope of an implied

4

license commits copyright infringement." *Latimer*, 601 F.3d at 1235; *see also Odom v. Navarro*, No. 09-214809-CIV, 2010 WL 11505459, at *4 (S.D. Fla. Mar. 11, 2010) (J. Ungaro) ("Implied licenses are terminable at will and a party may revoke or rescind an implied license upon a breach").

Newstex argues that MidlevelU's copyright infringement claim fails as a matter because MidlevelU's practice of distributing the full-text of its blog posts for free to the public via its RSS feed gave Newstex an implied license to index the blog posts on the SBI. Newstex does not dispute that it cannot satisfy the Eleventh Circuit's test for finding an implied license, conceding that Newstex did not commission MidlevelU to write the articles. Instead, Newstex asks the Court to find that an implied license exists based on the courts' reasoning in *Field v. Google*, 412 F. Supp. 2d 1106, 1109 (D. Nev. 2006) and *Parker v. Yahoo!*, No. 07-2757, 2008 WL 4410095, at *1 (E.D. Pa. Sept. 25, 2008). These cases, however, are distinguishable.

The *Field* and *Parker* cases held that Google and Yahoo! had implied licenses to use content from the plaintiffs' websites, reasoning that the plaintiffs had manufactured copyright infringement claims because they knew that the search engines would display their works unless they coded them with a "no-archive" meta-tag. *Id.* In reaching that holding, the *Field* court explained that "[a]n implied license can be found where the copyright holder engages in conduct from which [the] other [party] may properly infer that the owner consents to his use." 412 F. Supp. 2d at 1117.

Applying *Field* and *Parker*, Newstex argues that MidlevelU's conduct in disseminating the full text of its articles to the public for free, coupled with its failure to code its work to prevent further distribution, gave Newstex an implied license to use that

5

content. This Court declines to follow *Field* and *Parker* because it is not clear that the courts' reasoning in those cases applies when the defendant is not a search engine. Moreover, Newstex does not cite to any cases suggesting that *Field* and *Parker* control the analysis with respect to a RSS feed. Notably, the District Court of Nevada, which decided *Field*, subsequently held in another case that it could not "conclude, as a matter of law, that the presence of an RSS feed unequivocally absolves a defendant from any and all liability for potential copyright infringement." *Righthaven LLC v. Choudhry*, No. 2:10-CV-2155, 2011 WL 2976800, at *2 (D. Nev. July 21, 2011). In that case, the district court distinguished *Field*, explaining that "[h]ere, the issue is with respect to the function and use of an RSS feed, not a search engine," and "[b]ecause this court lacks the required technical expertise . . . the court cannot rule, as a matter of law, that the defendant is not liable at this juncture." *Id.* Accordingly, Newstex is not entitled to entry of summary judgment in its favor on its implied license affirmative defense.

### *In-line Linking and Framing*

In its Motion, Newstex contends that its display of the full text of MidlevelU's articles does not constitute infringement based on the Ninth Circuit Court of Appeals' decision in *Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146 (9th Cir. 2007). In *Perfect 10*, the Ninth Circuit held that Google did not commit copyright infringement when it used "in-line linking" and "framing" to display otherwise infringing content. *Id.* The Ninth Circuit rejected the plaintiff's argument that Google facilitated infringement by merely providing HTML instructions that, when clicked, caused an image to appear on a user's computer. *Id.* at 1161. The court explained that "[p]roviding these HTML instructions is not equivalent to showing a copy" because "the HTML merely gives the address of the

image to the user's browser." *Id.* Because Google did not store any full-size images on its computer servers, it did not have a "copy" of the image to communicate and display in violation of Perfect 10's copyrights. *Id.*

In analogizing to *Perfect* 10, Newstex overlooks the crucial distinction between that case and this one. The Ninth Circuit did not hold in *Perfect 10* that as a matter of law "in-line linking" and "framing" do not violate the Copyright Act. Rather, the court held that based on the specific facts of that case, Google's "in-line linking" and "framing" did not violate the Copyright Act because Google did not actually store the infringing work on its own server. Here, the parties dispute whether Newstex stored MidlevelU's full content on its server. Newstex maintains that the link it provides for the full-text article directs the user's computer to MidlevelU's site. A factual question exists regarding whether Newstex stored the full-text of MidlevelU's articles on its servers. For example, Mr. Moyer testified at his deposition that Newstex still had access to the articles and could restore them after they had been taken down. DE 46-3 at 5-6. Given the parties' dispute regarding the technology behind "in-line linking" and "framing," and whether Newstex even used these processes, the Court cannot enter judgment in favor of Newstex at this time.

### *Standing*

"Under the Copyright Act, only the 'legal or beneficial owner of an exclusive right under a copyright' may 'institute an action for any infringement of that particular right while he or she is the owner of it.'" *Optima Tobacco Corp. v. US Flue-Cured Tobacco Growers*, 171 F. Supp. 3d 1303, 1308 (S.D. Fla. 2016) (J. Moore) (quoting 17 U.S.C. § 501(b)). "The copyright owner must have such status at the time of the alleged infringement to have standing to sue." *Id.* "Subject to certain exceptions, the Copyright

Act [ ] requires copyright holders to register their works before suing for copyright infringement." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010).

If a work is "made for hire," the "employer or other person for whom the work was prepared is considered the author . . . and, unless the parties have expressly agreed otherwise in a written agreement signed by them, owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b). A work is "made for hire" if it is a work prepared by the employee within the scope of his or her employment. 17 U.S.C. § 101.

"To determine whether a work is for hire under the Act, a court should first ascertain, using principles of general common law of agency, whether the work was prepared by an employee or an independent contractor." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989). Where the author of the work is an independent contractor, the work is "for hire" if it was "specially ordered or commissioned for use as a contribution to a collective work" and "the parties expressly agree[d] in a written instrument signed by them that the work shall be considered a work made for hire." *Id.*

Newstex asserts that 3 of the articles at issue were authored, and owned, by Amanda Richards, who did not assign the copyright to MidlevelU until December 2018. DE 42 at 20. Because the parties dispute whether Ms. Richards was an employee or an independent contractor, summary judgment cannot be granted.

### *Statutory Damages*

Section 504 of the Copyright Act provides that a copyright owner may elect to recover (a) actual damages and the infringer's profits, or (b) statutory damages. 17 U.S.C. § 504(a). "No award of statutory damages is permitted where any infringement of a copyright commenced after first publication of the work and before the date of its

registration, unless such registration is made within three months after the first publication of the work." *Pronman v. Styles*, 676 Fed. Appx. 846, 848 (11th Cir. 2017) (citing 17 U.S.C. § 412). A certification of registration from the Copyright Office is *prima facie* evidence of the copyrightability of a work if it is timely made. *S. Bell Tel. & Tel. Co. v. Assoc. Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985); 17 U.S.C. § 401(c) (providing that a certification of registration made "before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright").

Newstex contends that MidlevelU is not entitled to statutory damages for 18 articles that were registered with the Copyright Office more than 3 months after the first publication of the article to its site. DE 42 at 19. However, the date of MidlevelU's publication is in dispute because Tolbert often edited and/or rewrote portions of the articles after posting them on MidlevelU's blog. Given the undisputed facts that MidlevelU distributed all of its articles via the RSS feed and that Newstex automatically generated abstracts of each article upon receipt from the feed, the Court cannot conclude that the date Newstex first received an article is dispositive of the first publication date for the version of the 18 articles that was registered.

Finally, Newstex asserts that MidlevelU did not own the copyright to one of the articles, which had been written by Leigh Ann O'Neill. DE 42 at 23. As with Ms. Richards, genuine issues of material fact preclude the Court from deciding this issue. DSOF at ¶ 40; PSOF at ¶ 130.

9

**DONE AND ORDERED** in Chambers this 10th day of September, 2019, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE